*Funck, for plaintiff.*

*Kunkel and Killinger, for defendant.*

---

*Court of Common Pleas, Lebanon County, April 20th,* 1860.

MARK, ADMINISTRATOR OF HUNSICKER, DECEASED, *v.* HUN-
SICKER.

When a testator in his will directs that the portion of his estate coming to one of his children shall not be paid over to him, but shall be held by trustees for his use and support, any balance of this fund in the hands of such trustees or their executors must be paid to the personal representatives of the *cestui que trust* after his death.

BY THE COURT.—In the matter of the petition of Henry Hunsicker, administrator.

Conrad Mark, as administrator of Henry Hunsicker, deceased, has petitioned the Court of Common Pleas, asking that Christian Hunsicker, surviving trustee of Henry Hunsicker, under the will of his late father, Samuel Hunsicker, deceased, shall settle his account, and pay over to the said administrator the amount of money in his hands belonging to the said Henry. To this petition, Jacob Hunsicker, as executor of Christian Hunsicker, responds, that his testator was appointed, together with the brother, Jacob Hunsicker, deceased, trustees of the said Henry Hunsicker, by the will of their late father, Samuel Hunsicker,

[Mark, Administrator of Hunsicker, deceased, *v.* Hunsicker.]

deceased.   That the said Jacob is since dead, and Christian, now also deceased, survived him.   That the funds referred to in the will and petition came into the hands of the trustees, was held for the said Henry during his lifetime, was never invested in real estate; but it is averred that by the will of Samuel Hunsicker, deceased, no interest in the legacy or purpart vested in Henry, but that all his claims thereto terminated with his life; and the four per centum, on the money referred to, was regularly paid to him, or for his use so long as he lived.   The rights of the respective parties depend on the proper construction of Samuel Hunsicker's will.

On the 7th day of February, 1811, Samuel Hunsicker made his last will, by which he divided his estate equally among all of his children, Henry included.   On the same day he added a codicil, by which he qualified his bequest to Henry, as follows: "I order that the share coming out of my estate unto my son Henry Hunsicker, shall not be given into his hands, but that the same shall be and remain in the hands of my two sons, Christian and Jacob Hunsicker, for the use of my said son Henry, as follows, to wit: That he, my said son Henry, shall have and receive only of his share, the yearly interest of four per centum per annum, and in case such yearly interest should be insufficient to support and maintain him in his infirmities, that my said two sons, Christian and Jacob, shall have power to give him as much of the principal as they think proper, and that my said two sons, Christian and Jacob, shall have power to take the share of my said son Henry, and buy a piece of land for the use of my said son Henry, if they shall think proper.   But it is nevertheless my will that the yearly interest aforesaid shall then cease, and that such land so purchased by them shall be only for the support of my said son Henry during his natural life, and that immediately after his death the said land shall and be holden by the heirs of my said son Henry, and their heirs and assigns forever as tenants in common."   The will and codicil being made on the same day, are presumed to have been done at the same time, and constitute but one instrument.   I would read them as if the will had declared: "I give to each of my children, Henry included, an equal share of my estate, but Henry's share shall not be given into his hands, but be retained by my two sons, Christian and Jacob, and the interest at the rate of four per cent. paid to him, and if found insufficient for his maintenance, the trustees shall give him so much of the principal, as they shall think proper, that is, necessary for his support."   It is a well-settled principle of the law of Pennsylvania, that where the interest or produce is given to, or in trust for a legatee, or for the separate use of such legatee, without limitation as to continuance, the principal will be considered as bequeathed also.   In a devise of realty,

words of limitation must be added to give more than an estate for life; but in a bequest of personalty, words of qualification are required to restrain the extent and duration of the interest.

*Primâ facie*, the gift of the *produce* of a fund is a gift of that produce in *perpetuity*, and is consequently a gift of the fund itself, unless there is something on the face of the will to show that such was not the intention. It is useless to cite authority for this. The cases are full of the doctrine without one to the contrary. In this instance, however, the whole interest or produce of the fund is apparently not given. The legatee is to have but four per cent. of the product, and then, as now, legal interest on money was six per cent. It leaves us, therefore, to ascertain the actual intention of the testator to be collected from all the expressions in the will. We think it not unlikely that in 1811, as at many times since, money was not esteemed worth more than five per cent. per annum, in Lebanon county, and that the testator considered one per centum no more than a fair compensation for the trouble of the trustees in attending to the investment, collection, and disbursement of the fund, but of that we have no evidence. It would have been competent for the petitioner to have shown both the annual value of money at the time, and also the nature of Henry's *infirmity*, which induced his father to withhold from him the possession of his share. In construing a will, we will best arrive at the intention of the testator, by learning the circumstances which surrounded and probably actuated him at the time, the state of his property, family, and the like.

To me it is very clear, that owing to some infirmity in Henry, probably habits of intemperance, his father did not wish to intrust him with the possession of his share of his estate during his, Henry's lifetime, but desired to place it in the hands of trustees to secure him a maintenance, with instructions, that if the fund should prove insufficient, a portion of the principal might be applied, leaving that to the discretion of the trustees. As there is no bequest over in favor of any one, and the fund was personal property, on the death of Henry it would go to his legal representative, his administrator. The cause for withholding the possession ceased with Henry's death. He had enjoyed the benefit of the fund during his lifetime in the only manner he could enjoy it in his infirmity consistent with its security, and his continual maintenance, after which it must take the course of all other personal property belonging to the donor. The testator throughout speaks of this fund as Henry's share, and authorizes the trustees to invest it in land, for his use, if they think proper; but the land is not to be his absolutely, but only used for his benefit and support during his natural life, and on his death to go to his heirs, and their heirs and assigns forever. It has been argued that this provision shows the testator did not intend Henry

[Blewett *v.* Coleman et al.]

to have the fund; he did not design the money to go to his legal representative or devisee, and the land which the trustees might purchase to be divided among his brothers and sisters, the right heirs of the testator. In our opinion the land, if purchased, would have gone to the right heirs of Henry in fee simple, to his children, if he left any, etc., to his next of kin if he left none, in other words, the estate, if purchased by the trustees, and a deed taken in their own names for the uses, trusts, and purposes named in the will, could have vested the fee simple in Henry Hunsicker, his heirs, and assigns forever, although it is possible that the trustees could have lawfully retained the estate in their hands so long as Henry's infirmity continued, and that he would not have been suffered to alien or destroy it, whereby his maintenance would have been cut off.

We are, therefore, of the opinion that the executor of the surviving trustee must settle an account, and pay over to the administrator of Henry Hunsicker, deceased, the amount of the fund for which his testator's estate is lawfully answerable.

AFFIRMED BY THE SUPREME COURT, June 28th, 1860.  Not reported.

*Kline and Funck, for plaintiff.*

*Weidman and Boughter, for defendant.*